UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-128-FDW

| | |
|---|---|
| CHRISTOPHER CHARLES HARRIS, ) ) Plaintiff, ) ) vs. ) ) ) ) FNU CONNELLY, et al., ) ) Defendants. ) _____) | ORDER |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Order to Enable Plaintiff to Write Other Prisoners that Are Witnesses." (Doc. No. 27).

Pro se Plaintiff Christopher Harris, a North Carolina state inmate currently incarcerated at Alexander Correctional Institution, filed this action on July 18, 2014, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names the following persons as Defendants, all alleged to be employees with the Iredell County Detention Center: (1) FNU Connelly, Captain; (2) FNU Hart, Lieutenant; (3) FNU Mayhorn, Detention Officer; and (4) FNU Harris, Detention Officer. Plaintiff alleges that while he was a pre-trial detainee at the detention center, Defendants violated his constitutional rights by requiring him to live in unsanitary conditions of confinement, and by failing to protect him from a substantial risk of harm that Defendants knew about. Specifically, Plaintiff alleges that between June and August 2012, while he was a pre-trial detainee at the detention center, Defendants Mayhorn and Harris refused to give him a mattress to sleep on by order of Defendant Connelly and Defendant Hart, and that Plaintiff was forced to sleep on a concrete floor without a mattress with feces, urine, filth on the floor. Plaintiff alleges that "the

1

holding cell's condition was unsanitary due to the massive amount of urine, feces, and vomit on both the floor and walls in which the plaintiff was forced to live in for 30 plus days. Plaintiff was also made to go without a shower sometimes up to 8 or 9 days. There were no sanitary items (soap, paper, towels and at times no toilet paper)." (Id. at 9).

Plaintiff also alleges that he was designated as a "mental health patient" while he was being detained at the jail. As a mental health patient, Plaintiff wore a "turtle suit," which mental health patients are required to wear. Plaintiff alleges that, between June and August of 2012, he was placed in a "turtle" suit for 60-plus days and Defendants failed to provide or attend to Plaintiff's mental health needs by not providing him with an adequate mental health setting. (Id. at 8). Plaintiff also alleges that he was attacked and injured by another inmate named Marcus Ferguson, who was not supposed to be in the same area as a mental health patient. (Id. at 9). Plaintiff alleges that "the defendants [had] prior knowledge of the plaintiff's mental health status and incapacity, [and] had knowledge of Mr. Ferguson's intentions of doing bodily harm to the plaintiff. This knowledge was given to the defendants verbally by the plaintiff to Lt. Hart, Officer Mayhorn, and Officer Harris. Captain Connolly was aware of a first attack back in population by plaintiff's public defender and plaintiff's girlfriend. Plaintiff also filed a grievance through the detention center's grievance system on the officers' for failing to do anything about it. The grievances like numerous other grievances placed by the plaintiff, along with attached letters, were never processed." (Id.). Plaintiff alleges that, by placing Plaintiff in an area around other inmates who were not mental health patients, Defendants placed Plaintiff's life, well-being, and safety in jeopardy, resulting in Plaintiff being attacked by another inmate. (Id.).

Plaintiff alleges that, as a result of Defendants' conduct, he suffered injuries to his back as well as mental and emotional injuries. Plaintiff purports to bring claims against Defendants

for violations of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments, as well as clams for negligence and gross negligence. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Discovery is ongoing in this action, with discovery due by July 23, 2015. In the pending motion, Plaintiff seeks an order from this Court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, requiring officials at Alexander Correctional Institution where Plaintiff is imprisoned to allow him to write prisoners at other correctional facilities who were alleged witnesses to the events giving rise to Plaintiff's claim in this Court. Plaintiff seeks authority to write to the following inmates: Forrest Skidmore, Richard Floyd, Ernest Hemenway, Danny Holiday, Carlie Davis, Arsenio Curtis, and Kenny Perry. See (Doc. No. 27). Plaintiff does not allege where these other inmates are incarcerated, but he states that they were all witnesses to the conditions to which he was subjected while he was incarcerated at the Iredell County Detention Center.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Order to Enable Plaintiff to Write Other Prisoners that Are Witnesses," (Doc. No. 27), is **GRANTED**. Plaintiff shall be allowed to attempt to contact the persons that he has listed on his witness list. The prison is obviously allowed to implement any appropriate security measures in allowing Plaintiff to mail out correspondence to the persons on his proposed witness list.

The Clerk of this Court is instructed to mail this Order to officials at Alexander Correctional Institution.

Signed: April 29, 2015

Frank D. Whitney
Chief United States District Judge