UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-128-FDW

| | |
|---|---|
| CHRISTOPHER CHARLES HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU CONNELLY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's Motions to Compel Discovery, (Doc. Nos. 33; 36).

Pro se Plaintiff Christopher Harris, a North Carolina state inmate currently incarcerated at Alexander Correctional Institution, filed this action on July 18, 2014, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names the following persons as Defendants, all alleged to be employees with the Iredell County Detention Center: (1) FNU Connelly, Captain; (2) FNU Hart, Lieutenant; (3) FNU Mayhorn, Detention Officer; and (4) FNU Harris, Detention Officer. Plaintiff alleges that while he was a pre-trial detainee at the detention center, Defendants violated his constitutional rights by requiring him to live in unsanitary conditions of confinement, and by failing to protect him from a substantial risk of harm that Defendants knew about. Plaintiff also alleges that he was a "mental health patient" while he was being detained at the detention center and Defendants failed to attend to his mental health needs by not providing him with an adequate mental health setting. Plaintiff purports to bring claims against Defendants for violations of his

1

constitutional rights under the Fifth, Eighth, and Fourteenth Amendments, as well as clams for negligence and gross negligence. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

On October 31, 2014, this Court found that the action survived initial review. (Doc. No. 8). On March 25, 2015, the Court entered a scheduling order, setting the deadline for discovery as July 23, 2015. The discovery period has ended, and Defendants have filed a motion for summary judgment. (Doc. No. 42). Plaintiff filed the first motion to compel on July 22, 2015, one day before the discovery period ended, and he filed the second motion to compel on August 3, 2015, after the discovery period had already ended. (Doc. Nos. 33; 36).

1. **Plaintiff's First Motion to Compel**

With regard to Plaintiff's first motion to compel, Plaintiff argues that Defendants failed to properly respond to his various discovery requests—specifically, that Defendants failed to properly respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents, served on Defendants on April 16, 2015. (Doc. No. 34 at 2). In his discovery requests, Plaintiff sought Defendants' personnel information, including disciplinary actions for Defendants. Plaintiff also requested copies of all complaints, investigative files, or grievances made against Defendants during their employment with the Iredell County Sheriff related to the mistreatment of inmates. Finally, Plaintiff requested medical records and other information related to the provision of medical care to Plaintiff during his time at the detention center. The Court will deny Plaintiff's motion to compel, as Defendants have shown that they have adequately responded to all discovery requests that do not seek privileged or other materials that are not subject to discovery, such as confidential personnel information.

2

First, in response to Plaintiff's request for medical records, Defendants informed Plaintiff that Defendants are not medical providers and that Southern Health Partners, Inc. contracted with the Iredell County Detention Center to provide medical care to the inmates. Defendants also indicated that a medical records request had been submitted to Southern Health Partners pursuant to subpoena, but a response had not yet been received. (Doc. No. 39-2 at 5-6). Defendants note in opposition to the motion to compel that on August 4, 2015, Defendants received copies of Plaintiff's medical records from Southern Health Partners, Inc. On August 6, 2015, Defendants sent supplemental discovery to Plaintiff with the medical records received from the subpoena request. Because Defendants have now supplemented their discovery responses to Plaintiff as to his medical information, Plaintiff has received the requested medical information.

Plaintiff also sought Defendants' personnel file information regarding all prior disciplinary actions against Defendants during their employment with the detention center. (Doc. No. 39-2 at 6). Defendants objected to this request on the grounds that counties are not allowed by law to disclose this information without a court order. See N.C. GEN. STAT. 153A-98. Defendants' objection was proper, as the information sought by Plaintiff is protected from discovery by N.C. GEN. STAT. § 153A-98.

Plaintiff also sought copies of all prior inmate grievances against Defendants. (Doc. No. 39-2 at 5). Defendants objected to the request as overly broad and unduly burdensome, responding that all inmate grievances are maintained in each inmate's individual jail administration file so that it would require Defendants to review all inmates' files, including all past and present inmates, to determine if any inmate grievances against Defendants exist. (Id.). Defendants also responded that there were no known inmate grievances that had resulted in

3

disciplinary action against Defendants. (Id.). The Court finds that Defendants' objection as to the inmate grievance requests was proper, and Defendants' response was adequate.

Next, in his request for production of documents, Plaintiff sought all policies, directives, or instructions to staff concerning an inmate being attacked by another inmate, and how the staff and/or officials are to handle such incidents. (Id.). Defendants objected to the request as overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also informed Plaintiff that the responsive information was within the detention officer training program and detention officer school. The Court finds that Defendants' response was proper and adequate.

Finally, in response to Plaintiff's letter complaining of deficient responses dated June 28, 2015, Defendants provided additional information, including a copy of a blank inmate grievance form, as well as a copy of the public record job duties for Defendants' various positions, in effort to demonstrate Defendants' good faith efforts to provide information to Plaintiff.

In sum, the Court finds that Defendants have shown that the objections were proper grounds for objecting to various discovery requests. Furthermore, as to the remaining responses, Defendants adequately responded to Plaintiff's requests. Therefore, Plaintiff's first motion to compel will be denied.

### 2. Plaintiff's Second Motion to Compel

Plaintiff filed a second motion to compel on August 3, 2015, after the discovery period had ended. In Plaintiff's second motion to compel, he complains that Defendants did not properly respond to his Second Set of Interrogatories and Requests for Production of Documents. Plaintiff served these discovery requests on Defendants on July 28, 2015, after the discovery

4

period had already ended.  Defendants responded to the discovery requests, asserting various objections, including that the discovery request was untimely.

Plaintiff's second motion to compel is denied.  Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request before the close of discovery, or the motion will be considered untimely.  See Greene v. Swain Cnty. P'ship for Health, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004).  Plaintiff argues that he has shown good cause for filing the motion to compel after the discovery period had already ended.  Plaintiff states that "[he] thought if you had the request in by the deadline date it would be acceptable"; "[that] allowing the defendant counsel enough time to answer the first set of interrogatories and production of documents without putting too much burden on her, with the second request"; and "Plaintiff's first motion to compel brief asked the court to extend the discovery deadline in order for defendants counsel to gather the documents plaintiff asked for." (Doc. No. 37 at 3-4).

The first two reasons advanced as support for good cause to compel the production of information outside the discovery deadline demonstrate that, first, Plaintiff simply misunderstood the Court's Scheduling Order, and second, that Plaintiff made the decision to delay discovery requests in order to allow the undersigned time to respond to the first request.  Plaintiff's failure to read and follow the Court's Scheduling Order, without more, is insufficient to support a showing of good cause.  Additionally, Plaintiff's strategic decision on how to handle the timing of his discovery requests likewise does not support a finding of good cause.

As to Plaintiff's third reason for the fact that the discovery request was untimely—that he asked in his first motion to compel for an extension of time to serve discovery requests—the

Court notes that at no time did Plaintiff file a motion for an extension of the discovery period. Consequently, Plaintiff has not shown good cause for failure to submit a timely discovery request. Finally, as the Court has already found as to Plaintiff's first motion to compel, Defendants have shown in their response that they have adequately responded to all discovery requests that do not seek privileged or other materials that are not subject to discovery, such as confidential personnel information. Therefore, Plaintiff's second motion to compel will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions to Compel Discovery, (Doc. Nos. 33; 36), are **DENIED**.

Signed: November 5, 2015

Frank D. Whitney
Chief United States District Judge